**DUAN SHENG ZHU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General,\* Respondent.**

**No. 03–40762–ag.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, New York, for Petitioner.

George M. Kelley, III, Assistant United States Attorney for Chuck Rosenberg, United States Attorney for the Eastern

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

District of Virginia, Norfolk, VA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Circuit Judges and, Hon. WILLIAM H. PAULEY III, District Judge.**

## SUMMARY ORDER

Petitioner Duan Sheng Zhu, a native and citizen of the People's Republic of China, seeks review of a September 24, 2003 order of the BIA affirming the April 24, 2002 decision of Immigration Judge ("IJ") Brigitte LaForest denying his application for relief pursuant to the Convention Against Torture ("CAT"). *In re Duan Sheng Zhu*, No. A77 323 086 (B.I.A. Sept. 24, 2003), *aff'g* No. A77 323 086 (Immig. Ct. N.Y. City Apr. 24, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* the agency's conclusions of law, as well as its application of law to particular facts. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In order to qualify for CAT relief, an applicant must show that he is "more likely than not to be tortured in the proposed country of removal." 8 C.F.R. § 208.16(c)(3); *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003). For purposes of the CAT, torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed, ... or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). The regulations exclude from this definition "pain or suffering arising only from, inherent in or incidental to lawful sanctions," except for "sanctions that defeat the object and purpose of the Convention Against Torture to prohibit torture." 8 C.F.R. § 208.18(a)(3).

We find that substantial evidence supports the IJ's conclusion that Zhu has not shown that he is more likely than not to be tortured within the meaning of the CAT if returned to China, and therefore deny the petition for review. The background materials that Zhu submitted to the IJ certainly document that torture is not unknown in Chinese prisons. However, because they do not come close to showing that a majority of Chinese prisoners suffer torture, the dual premises that Zhu is likely to be imprisoned because of his illegal departure from China, and that torture takes place in Chinese prisons do not, in the absence of some reason to think that Zhu would be the particular target of abusive officials, establish that it is "more likely than not" that he would be tortured

** The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (rejecting claim that similar background evidence compelled the conclusion that petitioner had established a likelihood of being tortured upon return); *Mu–Xing Wang,* 320 F.3d at 144 (same). Because the background evidence also does not demonstrate that persons who criticize the government's policies on a single occasion are likely to be selected for torture, Zhu's claim that he once "said bad things about the government" does not aid him in satisfying his burden of proof.

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.